# IN THE COURT OF APPEALS OF IOWA

No. 14-0696
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAMAUR SIMS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

A defendant appeals his sentence. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John Sarcone, County Attorney, and Jaki Livingston and Michael Salvner, Assistant County Attorneys, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Shamaur Sims pled guilty to second-degree robbery, a crime he committed when he was sixteen years old. The district court sentenced him to a seventy-percent mandatory-minimum prison term.[1]

On appeal, Sims contends the sentence is illegal under *State v. Lyle*, 854 N.W.2d 378, 2014 WL 3537026 (Iowa 2014). The district court did not have the benefit of this opinion at the time of sentencing.

In *Lyle*, the Iowa Supreme Court held "all mandatory minimum sentences of imprisonment for youthful offenders [] unconstitutional under the cruel and unusual punishment clause in article I, section 17 of [the Iowa] constitution." 2014 WL 3537026, at *20. The court acknowledged "the legislature's passage of a statute vesting considerable discretion in district courts to depart from any part of a sentence, including any mandatory minimum." *Id.* at *21 n.8.[2] However, the court stated the "theoretical availability of unguided sentencing discretion, no matter how explicitly codified, is not a panacea." *Id.* The court reaffirmed certain factors articulated in prior sentencing opinions involving juveniles and stated:

---

[1] The court ran the sentence concurrently with sentences imposed for related crimes. *See State v. Sims*, No. 11-1887, 2013 WL 530583, at *1–2, 4 (Iowa Ct. App. Feb. 13, 2013). The sentences ran consecutively to sentences imposed in a separate matter.

[2] Section 14 of Chapter 42 of the 2013 Iowa Acts (codified at Iowa Code Ann. § 901.5(14)) states:

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

>Under article I, section 17 of the Iowa Constitution, the portion of the statutory sentencing schema requiring a juvenile to serve seventy percent of the period of incarceration before parole eligibility may not be imposed without a prior determination by the district court that the minimum period of incarceration without parole is warranted under the factors identified in *Miller* and further explained in *Null*. The factors to be used by the district court to make this determination on resentencing include: (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Id.* at *22 n.10 (citing *Miller v. Alabama*, 567 U.S. __, __, 132 S.Ct. 2455, 2468 (2012); *State v. Null*, 836 N.W.2d 41, 74–75 (Iowa 2013)). The court specified that, on remand, the district court

>shall conduct a hearing in the presence of the defendant and decide, after considering all the relevant factors and facts of the case, whether or not the seventy percent mandatory minimum period of incarceration without parole is warranted as a term of sentencing in the case. If the mandatory minimum sentence is not warranted, the district court shall resentence the defendant by imposing a condition that the defendant be eligible for parole. If the mandatory minimum period of incarceration is warranted, the district court shall impose the sentence provided for under the statute, as previously imposed.

*Id.* at *22 n.10. The court stated its opinion would "apply to all juveniles currently serving a mandatory minimum sentence of imprisonment" and would "require all juvenile offenders who are in prison under a mandatory minimum sentence to be returned to court for resentencing." *Id.* at *22.

At Sims's guilty plea proceeding, the prosecutor acknowledged Sims's age and the court's broad sentencing discretion under the newly-enacted law. At his sentencing hearing, the district court paid heed to the prosecutor's previous

comments. The court made reference to Sims's youthful status and cited a presentence investigation report and a report waiving Sims to adult court. The court also mentioned Sims's background and poor school attendance. However, the court did not explicitly consider each of the factors set forth in *Lyle* and prior juvenile sentencing opinions. Given the heightened requirements of *Lyle*, we conclude remand is required for a hearing to consider "all the relevant factors and facts of the case." *Id.* at *22 n.10.

We vacate the sentence and remand for a new sentencing hearing to consider the factors set forth in *Lyle*.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**